JEWELL DUBIN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28578-90.          Filed September 14, 1992.

---

*Robert B. Martin, Jr.,* for petitioner.
*Gregory A. Roth* and *Steven M. Roth,* for respondent.

OPINION

HALPERN, *Judge:* Each of the parties has filed a motion asking us to dismiss this case for lack of jurisdiction. Respondent has filed her motion on the ground that petitioner failed to file timely the petition in this case. Petitioner has filed her motion on the ground that respondent's notice of deficiency is invalid. For the reasons set forth, we grant petitioner's motion.

## Background

At a hearing on the respective motions of petitioner and respondent, held on June 10, 1991, no witnesses were presented by either party nor were any exhibits received into evidence. Some facts have been stipulated and are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. Other relevant facts, which do not appear to be in dispute, are evidenced in the pleadings, motions, and responses thereto, and certain other papers filed with the Court. We deem such facts stipulated. Rule 1(a); cf. Rule 91(f)(4).[1] The facts upon which we base our opinion are as follows.

For 1985, petitioner and Alan G. Dubin, her husband, made a joint return of income. On that return, among other items, petitioner and her husband claimed losses and credits arising in connection with three partnerships held by them as community property.

On June 14, 1988, Alan G. Dubin was named as a debtor in a bankruptcy proceeding in U.S. Bankruptcy Court, Central District of California.

By a single notice, dated June 14, 1989, respondent determined a deficiency in, and additions to, petitioner's and her husband's income tax for 1985. Among other items, respond-

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

ent disallowed the partnership losses and credits described above.

On December 24, 1990, petitioner filed the petition in this case.[2] At that time, petitioner resided in Calabasas, California. Petitioner concedes that her petition was not timely filed.

## Discussion

### Introduction

Although petitioner concedes that her petition was not timely filed, we must take up first the validity of respondent's notice of deficiency. *Frazell v. Commissioner,* 88 T.C. 1405, 1411 (1987); *Keeton v. Commissioner,* 74 T.C. 377, 379 (1980); see Rule 13(a), (c). If respondent issued a valid notice of deficiency, then we must grant respondent's motion and dismiss this case for lack of jurisdiction on account of petitioner's failure to file a timely petition. In contrast, if respondent failed to issue a valid notice of deficiency, we must dismiss this case for lack of jurisdiction on that ground, rather than on the ground of an untimely petition. Accordingly, we focus first on whether and the extent to which respondent's notice of deficiency is valid.

### Petitioner's Argument

Petitioner argues that respondent's notice of deficiency is invalid because all of the items giving rise to adjustments are partnership items (or affected items) and respondent has failed to comply with the unified audit and litigation procedures applicable to partnership items.[3]

---

[2] The bankruptcy of petitioner's husband prevented him from joining petitioner in filing the petition in this case. See 11 U.S.C. sec. 362(a)(8), (c), (d) (1988); *McClamma v. Commissioner,* 76 T.C. 754, 756-757 (1981). However, that bankruptcy has no effect on the validity of the petition filed by the nonbankrupt spouse (petitioner) in response to the joint notice of deficiency. See *McClamma v. Commissioner, supra* at 758; *Baron v. Commissioner,* 71 T.C. 1028, 1034-1036 (1979).

[3] Petitioner's papers are not clear on the elements of respondent's noncompliance. We assume that petitioner is arguing that respondent has not complied with the provisions of sec. 6225, which provide that, with regard to partnership items, no assessment of any deficiency may be made until the required partnership level proceedings are completed. In any event, respondent has not, except as here set forth, challenged petitioner's argument.

*The TEFRA Procedures*

The unified audit and litigation procedures applicable to partnership items are found in sections 6221-6231. Those procedures, sometimes referred to as the TEFRA procedures, were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648. The TEFRA procedures provide a method for adjusting partnership items in one unified partnership proceeding, rather than in separate proceedings with the partners. *Maxwell v. Commissioner,* 87 T.C. 783, 787 (1986); H. Conf. Rept. 97-760, at 600, 604 (1982), 1982-2 C.B. 600, 662, 664. If the tax treatment of a partnership item is at issue, those procedures require such treatment to be determined at the partnership level. Sec. 6221. In general, respondent has no authority to assess a deficiency attributable to a partnership item until after the close of a partnership proceeding. Sec. 6225(a). Moreover, since the tax treatment of affected items depends on partnership level determinations, affected items cannot be tried as part of a partner's personal tax case until the completion of the partnership level proceeding. *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741, 743-744 (1987); *Maxwell v. Commissioner, supra* at 790-793; see sec. 6230(a). This, of course, is a partner level, not a partnership level, proceeding.

*Partnership Items; Affected Items*

Section 6231(a)(3) defines the term "partnership item" as any item required to be taken into account for the partnership's taxable year, to the extent the regulations establish that such item is more appropriately determined at the partnership level than at the partner level. In defining partnership item, the regulations generally include each partner's share of items of income, gain, loss, deduction, or credit of the partnership. Sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Section 6231(a)(5) defines the term "affected item" as any item to the extent such item is affected by a partnership item. See also *N.C.F. Energy Partners v. Commissioner, supra* at 743-745; *Maxwell v. Commissioner, supra* at 792-793; sec. 301.6231(a)(5)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). Additions to tax and

additional amounts under, among other sections, sections 6651, 6653(a), and 6661 are affected items. Sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

*Section 6231(c)(2)*

Pursuant to section 6231(c)(2), the Secretary has the authority to provide by regulation that certain items otherwise treated as partnership items are to be treated as nonpartnership items if the treatment of such items as partnership items would interfere with the effective and efficient enforcement of the Internal Revenue Code. See H. Conf. Rept. 97-760, at 610 (1982), 1982-2 C.B. 600, 667. The Secretary has determined that the treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with such effective and efficient enforcement. Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987). That regulation provides as follows:

*Bankruptcy.* The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy.

*Section 6231(a)(12)*

Section 6231(a)(12) states that, except to the extent otherwise provided in regulations, a husband and wife who have a joint interest in a partnership shall be treated as one person. The regulations include community property in the definition of "joint interest". Sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987).

Section 301.6231(a)(12)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), provides in full as follows:

(a) *In general.* For purposes of subchapter C of chapter 63 of the Code, spouses holding a joint interest in a partnership are treated as partners.

Thus, both spouses are permitted to participate in administrative and judicial procedures. The term "joint interest" includes tenancies in common, joint tenancies, tenancies by the entirety, and community property.

(b) *Notice and counting rules*—(1) *In general.* Except as provided in paragraph (b)(2) of this section, for purposes of applying section 6223 (relating to notice to partners of proceedings) and section 6231(a)(1)(B) (relating to the exception for small partnerships) spouses holding a joint interest in a partnership shall be treated as one person. Except as provided in paragraph (b)(2) of this section, the Service or the tax matters partner may send any required notice to either spouse.

(2) *Identified spouse entitled to notice.* For purposes of applying section 6223 (relating to notice to partners of proceeding) for a partnership taxable year, an individual who holds a joint interest in a partnership with his or her spouse who is entitled to notice under section 6223 shall be entitled to receive separate notice under section 6223 if such individual:

(i) Is identified as a partner on the partnership return for the taxable year; or

(ii) Is identified as a partner entitled to notice as provided in §301.6223(c)-1(b).

(c) *Cross reference.* See §301.6231(a)(2)-1(a) for special rules relating to spouses who file joint returns with individuals holding a separate interest in a partnership.

## Respondent's Concessions and Argument

Respondent does not dispute that the partnerships in question were subject to the TEFRA procedures at all times here relevant. She argues, however, that, because of section 6231(a)(12) and the regulations thereunder, petitioner and her husband must be treated as one person for purposes of applying the bankruptcy rule found in section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., *supra.* As a result, she continues, since the items in question are not partnership items (or affected items) as to petitioner's husband (because of his bankruptcy), they cannot be partnership items (or affected items) as to petitioner.[4] Accordingly, respondent concludes, she was under no obligation to follow the TEFRA procedures with regard to the partnership losses and credits in question. Respondent concedes that, if the items in question are partnership items (or affected items) as to petitioner, the TEFRA procedures have not been followed and, as a result, she has no authority to assess a deficiency

---

[4] Respondent concedes that, except to the extent that the items in question are treated as nonpartnership items (or nonaffected items) pursuant to the provisions of sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), all of the items are either partnership items or affected items.

attributable to the partnership items or otherwise proceed with regard to the affected items. She concedes that her notice of deficiency would, as a consequence, be invalid.

*Analysis*

It has been stipulated that the partnership interests in question were held as community property by petitioner and her husband. Those interests are thus joint interests for purposes of section 6231(a)(12). As a consequence, with respect to each partnership, and except to the extent otherwise provided by regulation, petitioner and her husband, collectively, are treated as one person for purposes of applying the TEFRA procedures. Sec. 6231(a)(12). By regulation, however, on account of such joint interests, petitioner and her husband are each treated as one partner for purposes of applying the TEFRA procedures. Sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987) (hereinafter referred to as paragraph (a)). To understand the interplay between section 6231(a)(12) and paragraph (a), it is necessary to determine whether any distinction exists between the terms "person" and "partner", as those terms are used in section 6231(a)(12) and paragraph (a). As will be discussed, we believe that the term "partner" (as used in paragraph (a)) means exactly the same thing as the term "person" (as used in section 6231(a)(12)).

Before turning to section 6231(a)(12) and paragraph (a) in particular, it is instructive to note that the terms "partner" and "person" sometimes are used without clear distinction throughout the temporary regulations issued in support of the TEFRA procedures. "Person" sometimes is used as a synonym for "partner". Compare, e.g., sec. 301.6223(a)-1T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987) ("notice is mailed to the *person* who is the tax matters *partner* at the address of that *person* (as provided on the *partner's* return)") (emphasis added) with sec. 301.6223(c)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987) ("*Any person* may furnish additional information [as to particulars with regard to partners of a TEFRA partnership] at any time") (emphasis added). A fair generalization is that, except where the context requires otherwise, no distinction was intended, and the terms "per-

son" and "partner" are used interchangeably in the temporary regulations.

The same can be said with regard to the temporary regulations and the statute. Thus, except where the context requires otherwise, the term "partner" (or "person"), when used in the temporary regulations, was not intended to have any different meaning from, and is used interchangeably with, the term "person" (or "partner") in the TEFRA procedures. Compare sec. 6231(a)(1)(B)(i) ("For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 *partner*.") (emphasis added) with sec. 301.6231(a)(1)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987) ("For purposes of section 6231(a)(1)(B) and this section, a husband and wife (and their estates) are treated as one *person*.") (emphasis added). Those rules are virtually identical, except for the substitution of the term "person" for "partner" in the regulation. Had that substitution been intended to effect a change in meaning, we believe that some explanation would have been provided; we are aware of none. It is therefore reasonable to conclude that *no change in meaning was intended*, and that "person", in the temporary regulation, was used interchangeably with "partner" in the statute.

Similarly, and with direct relevance to section 6231(a)(12) and paragraph (a), it is worthwhile to compare section 6223(a), providing that each *partner* must be given certain notice of administrative proceedings, with section 301.6231(a)(12)-1T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987) (hereinafter referred to as paragraph (b)(1)), providing that, for purposes of section 6223, spouses holding a joint interest shall be treated as one *person* (and, thus, generally are entitled to only a single notice). Two conclusions can be drawn.

First, if personhood and partnerhood were independent concepts, then paragraph (b)(1) would be meaningless. As stated, section 6223(a) provides that each *partner* must receive notice. Therefore, since paragraph (a) provides generally that a husband and wife with a joint interest are each a partner, the meaning of section 6223(a), unless elsewhere modified, is that each such spouse is entitled to notice. If personhood were an independent characteristic from partnerhood, then the one-person rule of paragraph (b)(1)

would have no effect on section 6223, which provides that each *partner* (not each *person*) is entitled to notice. We think it unlikely that paragraph (b)(1) is meaningless and conclude that: (1) Paragraph (b)(1)'s one-person rule supersedes paragraph (a)'s two-partner rule, and (2) person and partner must, in that context, mean the same thing.

Second, if personhood and partnerhood were independent concepts, then paragraph (b)(1) would be superfluous. Section 6231(a)(12) provides that spouses with a joint interest are generally treated as one person. Thus, the one-person rule of paragraph (b)(1) is superfluous unless the one-person rule of section 6231(a)(12) is superseded by some other Code provision or regulation. We think it unlikely that paragraph (b)(1) is superfluous and therefore conclude that paragraph (b)(1) must be necessitated by some limitation on section 6231(a)(12). Since paragraph (a) is the only provision that arguably limits section 6231(a)(12), we conclude that: (1) Paragraph (a)'s two-partner rule supersedes section 6231(a)(12)'s one-person rule, and (2) person and partner must therefore mean the same thing, both as between paragraphs (a) and (b)(1) and paragraph (a) and section 6231(a)(12).

Overall, the statutory and administrative scheme would be quite difficult to fathom if "person" and "partner" were (in the TEFRA context) intended as wholly distinct concepts. If that were so, then section 301.6231(a)(1)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987) (which, without explanation, substitutes the term "person" for "partner") could only be regarded as a stealthy amendment to section 6231(a)(1)(B)(i). Also, paragraph (b)(1) would properly be regarded as both irrelevant and redundant. The weight of those suppositions is too much to bear.

In contrast, once it is accepted that the terms "person" and "partner" mean the same thing in the context of section 6231(a)(12) and paragraphs (a) and (b)(1), the statutory and administrative scheme is stripped of all mystery. Section 6231(a)(12) sets forth a general rule that, in default of a regulatory exception, spouses with a joint interest in a partnership are treated as one person (or partner). By way of exception, paragraph (a) reverses the general rule, setting forth a new general rule that spouses holding a joint interest in a partnership are treated as separate persons (or part-

ners). Paragraph (b)(1) sets forth exceptions to the new general (default) rule. Thus, by way of exception, spouses holding a joint interest in a partnership are sometimes treated as one partner (person) for purposes of the notice provisions found in section 6223 and always are treated as one partner (person) for purposes of the small partnership exception found in section 6231(a)(1)(B). Paragraph (b)(1) is therefore an exclusive list of exceptions to the general rule imposed by paragraph (a).[5] Of course, pursuant to the authority granted by section 6231(a)(12), the Secretary can expand that list.

Section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987) (the bankruptcy rule), concerns itself with the treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding; partnership items of such a partner are treated as nonpartnership items. The bankruptcy rule is not one of the provisions for which an exception to the general rule of paragraph (a) applies by virtue of paragraph (b)(1). Because the focus in the bankruptcy rule is limited to the *partner's* status as a debtor in bankruptcy, we are compelled here to look only to petitioner's status, since she is the only partner before us, and, although she *is* a partner, she is *not* in bankruptcy. Accordingly, we find the bankruptcy rule to be inapplicable.

Respondent also cites section 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), in support of her single-person theory. That section apparently implements section 6231(a)(2)(B) and provides that a spouse who files a joint return with an individual holding a *separate* interest in a partnership generally is treated as a partner for purposes of the TEFRA procedures and is permitted to participate in administrative and judicial proceedings. However, that regulation has no relevance to the situation before us, since petitioner and her husband held only joint (community property) interests in partnerships. See sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987).

Respondent's application of the bankruptcy rule of section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., *supra,*

---

[5] Sec. 301.6231(a)(12)-1T(b)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), in turn, limits par. (b)(1), reinstating, to some degree, the default rule of par. (a), with respect to the notice requirement of sec. 6223.

to petitioner under her single-person theory based on section 6231(a)(12) cannot be supported, nor can we find in that regulation any other direction to treat the partnership items in question as nonpartnership items with respect to petitioner, who, herself, is not bankrupt. No doubt respondent could add to the regulations if, indeed, the result we here reach interferes with the effective and efficient enforcement of the Internal Revenue Code. See sec. 6231(c)(2). Unless and until that is done, however, respondent's position cannot prevail. Based on respondent's concessions, and for the reasons here stated, we conclude that the items in question are partnership items (or affected items) with respect to petitioner and that respondent's notice of deficiency is invalid. Accordingly, we must grant petitioner's motion and dismiss for lack of jurisdiction.

To reflect the foregoing,

*An appropriate order will be entered.*