NELDA J. GILLILAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillilan v. Commissioner
Docket No. 20993-92
United States Tax Court
T.C. Memo 1993-366; 1993 Tax Ct. Memo LEXIS 374; 66 T.C.M. (CCH) 398; August 18, 1993, Filed *374 P and H jointly owned an interest in a partnership. P and H signed a Form 870-L(AD), offering to settle partnership and affected items with R. Prior to R's signing the Form 870-L(AD), H filed a bankruptcy petition. P and H later signed a Form 870, consenting to the immediate assessment and collection of tax. R then assessed against P. R subsequently issued a deficiency notice to P and H for the tax previously assessed. R moves to dismiss for lack of jurisdiction on the ground that, due to the prior assessment, there was no deficiency determination and the deficiency notice therefore was invalid. See sec. 6212(a), I.R.C.
1. Held: The Form 870-L(AD) signed by P and H was a single offer to settle the liability of both P and H. The filing of H's bankruptcy petition brought into effect an automatic stay, precluding R from settling as to H. 11 U.S.C. sec. 362(a). R's purported acceptance of P and H's offer to settle therefore was void, and the assessment based thereon was invalid. Accordingly, R's deficiency notice was not invalid on account of a prior assessment. R's motion to dismiss for lack of jurisdiction on that ground is denied. *375 2. Held: We dismiss for lack of jurisdiction on the ground that respondent's deficiency notice (which pertains only to partnership and affected items) was issued prior to the completion of partnership-level proceedings, and therefore invalid. Sec. 6225, I.R.C.Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), which provides that partnership items of a partner named as a debtor in a bankruptcy proceeding will be treated as nonpartnership items as to such partner, does not apply to petitioner. Dubin v. Commissioner, 99 T.C. 325 (1992). For petitioner: William E. Bailey. For respondent: James R. Turton. HALPERN
HALPERN
MEMORANDUM FINDINGS OF FACT AND OPINION HALPERN, Judge: By notice of deficiency dated June 19, 1992, respondent has determined income tax deficiencies of $ 5,120 and $ 216 for 1983 and 1984, respectively, along with an addition to tax under section 6661 of $ 1,280 for 1983. The sole issue raised by the parties is whether we should grant respondent's motion to dismiss, on the ground that the prior assessment of those amounts rendered the deficiency notice *376 invalid. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. Petitioner resided in Texas at the time the petition herein was filed. Petitioner and her husband were married and lived in the State of Texas, at all times during the years at issue. Texas is a community property State. On December 22, 1983, petitioner's husband acquired an interest in a partnership, "Startrac Partnership" (Startrac). Petitioner and her husband filed joint Federal income tax returns for the years at issue, in which they claimed losses from Startrac. Following an examination of Startrac's returns for 1983 and 1984, respondent determined adjustments to those returns and, on March 23, 1987, sent to the tax matters partner of Startrac a notice of final partnership administrative adjustment (FPAA), disallowing certain losses and determining additions to tax, under sections *377 6653(a)(1) and (2), 6659, and 6661, and determining increased interest under section 6621. [1] On June 1, 1987, the tax matters partner of Startrac timely filed its petition for readjustment of partnership items in this Court (docket No. 16561-87). As of the date this opinion was filed, that litigation has not been completed. On June 21, 1991, and June 29, 1991, petitioner and her husband (respectively) signed a Form 870-L(AD), "Settlement Agreement for Partnership Adjustments and Affected Items" (settlement agreement), offering a settlement to respondent whereby they agreed to the adjustments to partnership items determined by respondent in the FPAA and to the individual partner additions to tax under section 6661 and to the increased interest under section 6621, but not to the other additions to tax. Petitioner and her husband also offered *378 (1) to waive the restrictions on assessment of any deficiency attributable to partnership items, provided in section 6225(a); (2) to waive the restrictions provided in section 6213(a); and (3) to consent to the assessment and collection of additions to tax under section 6661 and increased interest under section 6621(c) attributable to partnership items (plus interest provided by law). The following instruction appears on the settlement agreement: If an offer is executed for a tax year in which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.
On July 24, 1991, petitioner's husband filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas. Petitioner did not join her husband in filing that petition. On August 7, 1991, respondent signed the Form 870-L(AD), accepting (or purportedly accepting) the offer to settle. On October 24, 1991, petitioner and her husband signed a Form 870, "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" (consent to assess), consenting *379 (or purportedly consenting) to the immediate assessment and collection of unpaid taxes and interest resulting almost entirely from the agreed 1983 and 1984 adjustments. On February 24, 1992, respondent assessed the 1983 tax (plus interest), the 1984 tax, and the additional interest under section 6621 as to 1984 against petitioner. On April 6, 1992, respondent assessed the addition to tax under section 6661 and additional interest under 6621 as to 1983 against petitioner. On June 19, 1992, respondent sent a notice of deficiency to petitioner and her husband for the previously assessed 1983 and 1984 taxes (on the ground that Startrac's claimed losses were not allowable), and an addition to tax under section 6661 as to 1983. On September 18, 1992, petitioner timely filed a petition with this Court. On November 13, 1992, respondent timely filed an answer. On April 5, 1993, respondent moved to dismiss this case for lack of jurisdiction, on the ground that the notice of deficiency was invalid. On April 19, 1993, petitioner opposed that motion. Oral argument was held on April 21, 1993, and a stipulation of facts was filed on April 28, 1993. OPINION I. The Parties' Arguments
*380 Respondent argues that, because the amounts determined in the deficiency notice previously were assessed, pursuant to petitioner's signing the settlement agreement, there was no deficiency determination and the deficiency notice therefore was invalid. See sec. 6212(a). [2] Accordingly, respondent moves for dismissal in her favor. Petitioner opposes respondent's motion, arguing that the assessment was invalid, there was a deficiency, and respondent's *381 deficiency notice therefore was valid against petitioner. In support of her contention that the assessment was invalid, petitioner argues that the settlement agreement was not binding on her as to Startrac's losses (and the resultant additions to tax), primarily for two reasons. First, petitioner argues that the settlement agreement had no effect whatever because (i) the offer made to respondent was to settle both her and her husband's liability, (ii) petitioner's husband's bankruptcy, which occurred before respondent signed the settlement agreement, precluded respondent from thereafter accepting that offer, and (iii) no agreement was reached to settle only petitioner's liability, because no such offer ever was made by petitioner. Second, petitioner argues that (i) the settlement agreement pertains only to "partnership items", (ii) her husband's bankruptcy converted all of her partnership items to nonpartnership items, and therefore (iii) the settlement agreement, pertaining only to nonexistent items, had no effect. II. Was There a Settlement Agreement? A. No Settlement Agreement as to Petitioner's Husband
On June 21 and 29, 1991, petitioner and her husband, *382 respectively, signed the Form 870-L(AD), offering to settle certain partnership items (and additions to tax) with respondent. That offer, of course, could not constitute an agreement until accepted by respondent. [3] Prior to respondent's accepting the offer, petitioner's husband filed a bankruptcy petition. The filing of that petition brought into play the automatic-stay provision of the Bankruptcy Code, which reads in part as follows: § 362. Automatic Stay. (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities of -- * * * (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property *383 of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
11 U.S.C. sec. 362(a) (1990). The effect of the automatic stay is to void any action in violation thereof. E.g., Kalb v. Feuerstein, 308 U.S. 433, 438 (1940). Accordingly, to the extent that respondent's acceptance of the offer was in violation of the automatic stay, that action is void. See id.
It seems apparent, and respondent does not appear to contest, that respondent's purported acceptance of the offer was an impermissible act (i) to create a lien against either petitioner's husband's property or that of the estate, or (ii) to collect, assess, or recover a claim against petitioner's husband. 11 U.S.C. sec. 362(a)(4)-(6). Accordingly, respondent's purported acceptance is void as it pertains to petitioner's husband. See Kalb v. Feuerstein, supra.It is less *384 clear, however, whether respondent's purported acceptance is valid as to petitioner. B. No Settlement Agreement As To Petitioner
Notwithstanding petitioner's protestations to the contrary, we see no reason why the automatic stay would preclude respondent from reaching an agreement with petitioner, who had not filed for bankruptcy. From our vantage point, the critical inquiry is whether, in this instance, such an agreement was reached. More specifically, we must determine whether the offer made by petitioner and her husband to respondent consisted of one single offer to settle the liability of both spouses, or rather consisted of two independent offers, whereby each spouse offered to settle his or her respective liability (regardless of whether any agreement might be reached with the other). If it was the former, then the settlement agreement is invalid because respondent's purported acceptance was void on account of the automatic stay; if it was the latter, then respondent must prevail (on this issue) because her acceptance of petitioner's offer would be valid, notwithstanding that her purported acceptance of the other offer was not. We think there was only one *385 offer and that the settlement agreement therefore is invalid. The following instruction appears on Form 870-L(AD): If an offer is executed for a tax year in which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other. [Emphasis added.]
The settlement contemplated by Form 870-L(AD) therefore appears to be one between respondent and both spouses, not just one. Admittedly, an unsigned Form 870-L(AD) is nothing more than respondent's standard form for soliciting an offer, and nothing printed thereon would preclude a taxpayer from making, or respondent from accepting, some different offer. That, however, does not appear to have occurred. Petitioner and her husband merely filled in the appropriate settlement terms and signed the form; they did nothing to indicate a deviation between their offer and that solicited by respondent. [4] We therefore conclude that no deviation was intended. *386 Accordingly, the only offer made was to settle the liability of both petitioner and her husband. On account of the automatic stay, respondent's purported acceptance of that offer is void. See 11 U.S.C. sec. 362(a). No offer ever was made to settle petitioner's liability independent of her husband's, and thus no settlement agreement was reached to that effect. Therefore, we are unable to conclude that respondent's assessment (based on the invalid settlement agreement) was valid as to petitioner, [5] and we cannot dismiss in respondent's favor on the ground that the amounts at issue properly have been assessed. III. Jurisdiction Over Partnership Items
A. TEFRA Procedures
The *387 unified audit and litigation procedures applicable to partnership items are found in sections 6221-6233. Those procedures (the TEFRA procedures) were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648. The TEFRA procedures provide a method for adjusting "partnership items" in a single, unified partnership proceeding, rather than in separate proceedings with each partner. Sec. 6621. Until such partnership-level proceeding is completed, respondent generally may not assess a deficiency attributable to a "partnership item" against any partner. Sec. 6225. Moreover, because the tax treatment of an "affected item" depends upon the partnership-level determination, affected items generally cannot be tried as part of a partner's tax case prior to the completion of the partnership-level proceeding. E.g., Dubin v. Commissioner, 99 T.C. 325, 328 (1992). Accordingly, if the items at issue in this case are partnership items (or affected items), respondent lacks the authority to assess a deficiency with regard thereto. If that is the case, we must dismiss for lack of jurisdiction on the *388 ground that respondent's deficiency notice is invalid. [6] Therefore, we now consider whether the items here at issue are partnership items (or affected items). B. Partnership Items and Affected Items: General Rule
A "partnership item" is any item required to be taken into account for the partnership's taxable year, to the extent the regulations provide that such item more appropriately is determined at the partnership level than at the partner level. Sec. 6231(a)(3). The regulations provide that items of partnership income, gain, loss, deduction, and credit generally are partnership items. Sec. *389 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. An "affected item" is any item affected by a partnership item. Sec. 6231(a)(5). Additions to tax and additional amounts are affected items. Sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). Accordingly, unless some exception applies, petitioner's loss from Startrac will be a partnership item, and the addition to tax at issue will be an affected item. C. The Bankruptcy Rule; Dubin
Pursuant to section 6231(c)(2), the Secretary has the authority to provide by regulation that certain items otherwise treated as partnership items are to be treated as nonpartnership items if the treatment of such items as partnership items would interfere with the effective and efficient enforcement of the Internal Revenue Code. The Secretary has determined that the treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with such effective and efficient enforcement. Sec. 301.6231(c)-7T(a) (the bankruptcy regulation), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. *390 5, 1987). That regulation provides as follows: (a) Bankruptcy. The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy. [Emphasis added.]
Petitioner argues that the bankruptcy rule applies to her, as well as her husband, notwithstanding that only her husband has filed for bankruptcy. [7] In support of her argument, petitioner cites section 6231(a)(12), which provides that "Except to the extent otherwise provided in regulations, a husband and wife who have a joint interest in a partnership shall be treated as 1 person." Inasmuch as community property unquestionably qualifies as joint property, section 301.6231(a)(12)-1T(a), Temporary *391 Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), section 6231(a)(12), if nowhere superseded, would cause petitioner and her husband to be treated as one partner for purposes of the bankruptcy rule; in that event, such rule would apply to petitioner, as well as her husband, converting all partnership items to nonpartnership items. The one-person rule of section *392 6231(a)(12), however, is superseded by section 301.6231(a)(12)-1T(a) (paragraph (a)), Temporary Proced. & Admin. Regs., supra, which provides as follows: (a) In general. For purposes of subchapter C of chapter 63 of the Code, spouses holding a joint interest in a partnership are treated as partners. Thus, both spouses are permitted to participate in administrative and judicial proceedings. * * * Paragraph (a) reverses the general rule of section 6231(a)(12), providing, as a new general rule (subject to exception), that spouses with a joint interest will be treated as two distinct partners. As explained in Dubin v. Commissioner, 99 T.C. at 331-334, we believe that the terms "person" and "partner", as used in section 6231(a)(12) and paragraph (a), respectively, have the same meaning, and that paragraph (a)'s two-partner rule therefore supersedes the one-person rule of section 6231(a)(12). Accordingly, since the bankruptcy rule applies only to the partner (or person) in bankruptcy, it does not apply to petitioner. Id. Petitioner's partnership items therefore are not converted to nonpartnership items by the bankruptcy rule. Therefore, *393 petitioner's share of Startrac's losses is a partnership item (and the other items at issue are affected items). Petitioner argues that Dubin should not apply to this case, and that petitioner's partnership items were converted to nonpartnership items upon the filing of petitioner's husband's bankruptcy petition. In support of that argument, petitioner makes various contentions, the relevance of which we cannot ascertain. Inter alia, petitioner contends: (1) The settlement agreement (Form 870-L(AD)) was without effect on July 24, 1991 (the date of the bankruptcy petition), because respondent had not yet accepted the offer by signing it; (2) the filing of the bankruptcy petition resulted in the dissolution of Startrac under Texas law; (3) on July 24, 1991, neither petitioner nor her husband could be Startrac's tax matters partner or otherwise act on its behalf in a TEFRA proceeding; and (4) as of July 24, 1991, all of petitioner's community property interest in Startrac ceased as such interest became property of her husband's bankruptcy estate pursuant to 11 U.S.C. sec. 541(a)(2). None of those arguments persuades us that Dubin is distinguishable *394 from this case or was decided incorrectly. Accordingly, we follow Dubin, as explained above. D. Conclusion
Petitioner's share of Startrac's losses is a partnership item. Accordingly, respondent may not assess a deficiency attributable to such losses against petitioner prior to the completion of Startrac's partnership-level proceedings. Sec. 6225. That has not yet occurred, and respondent's notice of deficiency therefore is invalid. We shall dismiss for lack of jurisdiction. An appropriate order will be entered. Footnotes
1. Startrac was a partnership subject to the rules of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648. See secs. 6221-6233.↩
2. In order to determine a deficiency, respondent must determine that the tax due exceeds the (1) sum of (i) the amount shown as the tax by the taxpayer on her return, and (ii) the amounts previously assessed (or collected without assessment) as a deficiency, minus (2) the amount of rebates made. Sec. 6211↩. Respondent argues that, because the tax determined to be due previously was assessed, no deficiency was determined. Petitioner concedes that, if the entire tax due validly was assessed, the notice of deficiency was invalid, and respondent's motion should be granted.
3. It is well established that general principles of contract law govern the compromise and settlement of tax cases. E.g., Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436↩ (1969).
4. Petitioner's husband had not yet filed his bankruptcy petition and his signature therefore was valid at that time.↩
5. Respondent has not argued that, even if the settlement agreement (Form 870-L(AD)) was invalid, the consent to assess (Form 870) is sufficient to render the purported assessment valid as to petitioner. We do not believe that the Form 870 renders the purported assessment valid in this case.↩
6. Curiously, although both parties have presented arguments as to whether petitioner's share of Startrac's losses is a partnership item, neither has argued that we ought to dismiss for lack of jurisdiction on that ground. Nevertheless, we raise the question on our own. Inasmuch as the parties have briefed the one issue critical to that determination, we will not request further assistance in connection therewith.↩
7. At this stage of our analysis, a holding that the bankruptcy regulation applies would compel the conclusion that respondent's deficiency notice is valid. Thus, it may seem strange that it is petitioner, rather than respondent, who argues the applicability of the regulation. As noted above, petitioner makes that argument in an attempt to prove the settlement agreement inapplicable, on the ground that the settlement agreement (even if valid) applies only to partnership items, and that her share of Startrac's losses, by virtue of the bankruptcy rule, is a nonpartnership item. Respondent, as noted, argues to the contrary.↩