T.C. Memo. 1998-138

UNITED STATES TAX COURT

FIRST BLOOD ASSOCIATES, RICHARD M. GREENBERG,
TAX MATTERS PARTNER, ET AL.,[1] Petitioner,
$\underline{v}$. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 623-92, 13014-92,        Filed April 14, 1998.
      15641-92, 12062-94.

Thomas E. Redding, for participants Michael J. and JoAnn

Scarfia.

Joseph F. Long and Gerald A. Thorpe, for respondent.


MEMORANDUM OPINION

POWELL, Special Trial Judge:  These consolidated cases are

before the Court on participants Michael J. and JoAnn Scarfia's

_____

[1]     Cases of the following petitioners are consolidated
herewith:  First Blood Associates, Richard M. Greenberg, Tax
Matters Partner, docket No. 13014-92; First Blood Associates,
Richard M. Greenberg, Tax Matters Partner, docket No. 15641-92;
and First Blood Associates, Eugene C. Lipsky, A Partner Other
Than the Tax Matters Partner, docket No. 12062-94.

(collectively the Scarfias) motion to dismiss for lack of jurisdiction. Respondent concedes that the filing of a petition in bankruptcy by Mr. Scarfia divested this Court of jurisdiction over Mr. Scarfia and his partnership items pursuant to section 6231(b) and (c)[2] and section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987) (the bankruptcy rule). The primary issue is whether the operation of the bankruptcy rule also divests this Court's jurisdiction over Mrs. Scarfia, who is deemed a partner and a party to this proceeding subject to the unified audit and litigation procedures of sections 6221 through 6231 enacted by the Tax Equity & Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648, by virtue of having filed joint income tax returns with Mr. Scarfia.

Background

First Blood Associates (the partnership) is one of a number of partnerships formed to purchase and exploit the rights to certain films. The general partners of those partnerships were Richard M. Greenberg and/or A. Frederick Greenberg.[3] Respondent

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] On its partnership returns for the years in issue the partnership claimed loss deductions based upon the alleged purchase of the first-run motion picture "First Blood" starring
(continued...)

began an examination of the partnership at some point in the mid-1980's as part of a national project focusing on the various partnerships of the Greenberg brothers.

Respondent issued notices of final partnership administrative adjustments (FPAA's) determining adjustments to partnership items for the following partnership taxable years:

| Docket No.[4] | FPAA Date | Partnership Taxable Year | Petition Date |
|---|---|---|---|
| 623-92 | Oct. 21, 1991 | 1983-1987 | Jan. 8, 1992 |
| 13014-92 | Mar. 24, 1992 | 1988 | June 12, 1992 |
| 15641-92 | Apr. 20, 1992 | 1989 | July 10, 1992 |
| 12062-94 | Mar. 14, 1994 | 1990 | July 11, 1994 |

At the time the petitions in docket Nos. 623-92, 13014-92, and 15641-92 were filed the partnership's principal place of business was located at Greenwich, Connecticut. At the time the petition in docket No. 12062-94 was filed the partnership was in

---

[3](...continued)
Sylvester Stallone. We note that whether the partnership obtained the benefits and burdens of ownership in the film is not here at issue, but has formed the basis for considerable securities litigation. See, e.g., Block v. First Blood Associates, 988 F.2d 344, 347 (2d Cir. 1993), and cases cited therein.

[4] The petitions in docket Nos. 623-92, 13014-92, and 15641-92 were filed by the tax matters partner (TMP). The petition in docket No. 12062-94 was filed by notice partner Eugene C. Lipsky. Sec. 6226(b) provides in part that if the TMP does not file a petition, then any notice partner may, within 60 days after the close of the 90-day period set forth in sec. 6226(a), file a petition for readjustment of partnership items for the taxable year involved.

dissolution; the partnership's principal place of business during its wind-down period was located in New York, New York.

The Scarfias were married and filed joint Federal income tax returns for the years at issue. Mr. Scarfia's investment in the partnership was purchased only in his name. The Schedules K-1 issued by the partnership were issued solely in the name of Mr. Scarfia. The Scarfias resided in the State of Florida for all periods relevant to this proceeding.

On April 25, 1986, Mr. Scarfia filed a petition in bankruptcy with the U.S. Bankruptcy Court for the Middle District of Florida.[5] Mr. Scarfia subsequently was granted a discharge by order of the Bankruptcy Court dated March 20, 1992. Mrs. Scarfia did not file a petition in bankruptcy.

## Discussion

### The TEFRA Provisions

Pursuant to the TEFRA provisions the tax treatment of "partnership items" generally is to be determined at the partnership level. See Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-

---

[5] Mr. Scarfia's bankruptcy case originally was filed pursuant to ch. 11 on Apr. 25, 1986, and was converted to ch. 7 on Nov. 4, 1986.

1(a)(1)(i), Proced. & Admin. Regs. Nonpartnership items are items that are not partnership items. Sec. 6231(a)(4).

This Court's jurisdiction of a partnership action is predicated upon the mailing of a valid FPAA by the Commissioner to the tax matters partner (TMP) and the timely filing by the TMP or other eligible partner of a petition seeking a readjustment of partnership items. Rule 240(c); Seneca, Ltd. v. Commissioner, 92 T.C. 363, 365 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990). Neither the Scarfias nor respondent disputes that the FPAA's were valid and that the petitions were timely filed in these cases.

For purposes of the TEFRA provisions section 6231(a)(2) defines a partner as follows:

>       (A) a partner in the partnership, and
>
>       (B) any other person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership.

Section 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), provides that a spouse who files a joint return with an individual holding a separate interest in the partnership shall be treated as a partner for purposes of the TEFRA provisions and is permitted to participate in administrative and judicial proceedings.

Section 6226(c)(1) provides that if a partnership action is brought under section 6226(a) or (b) each person who was a

partner in such partnership at any time during the year in issue shall be treated as a party to such action.  However, section 6226(d)(1)(A) provides, in pertinent part, that section 6226(c) shall not apply to a partner after the day on which the partnership items of such partner for the particular partnership taxable year become nonpartnership items by reason of one of the events described in section 6231(b).  Section 6231(b)(1)(D) provides, in part, that for purposes of the TEFRA provisions the partnership items of a partner shall become nonpartnership items as of the date a change occurs under subsection (c) of section 6231.

Section 6231(c) provides that in certain special enforcement areas the Secretary may provide by regulations for the conversion of a partner's partnership items into nonpartnership items. Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 203 (1987); see H. Conf. Rept. 97-760, at 610 (1982), 1982-2 C.B. 600, 667.  Pursuant to this grant of authority, the Secretary promulgated the so-called bankruptcy rule which provides as follows:

> (a) Bankruptcy.  The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the

> partner as debtor is filed in bankruptcy. [Sec.
> 301.6231(c)-7T(a), Temporary Proced. & Admin. Reg., 52 Fed.
> Reg. 6793 (Mar. 5, 1987).]

The effect of the conversion is to remove the debtor-partner from the partnership proceeding and subject the converted items to the deficiency procedures applicable to the partner's individual tax case. Computer Programs Lambda, Ltd. v. Commissioner, supra at 203.

Nature of Mrs. Scarfia's Interest in the Partnership

In order to assess the impact of the bankruptcy rule upon Mrs. Scarfia, we must first ascertain the nature of her interest, if any, in the partnership. State law determines ownership of property, and Federal income tax liability follows ownership. United States v. Mitchell, 403 U.S. 190, 197 (1971). It is undisputed that the Scarfias resided in the State of Florida for all periods relevant to this proceeding. Therefore, we apply the laws of Florida to ascertain the nature of Mrs. Scarfia's interest, if any, in Mr. Scarfia's partnership investment.

Florida is not a community property State.[6] Herrera v. Herrera, 673 So.2d 143, 144 (Fla. Dist. Ct. App. 1996); Green v. Green, 442 So.2d 354, 355 (Fla. Dist. Ct. App. 1983). The Florida constitution provides generally that: "There shall be no

_____

[6] Although not relevant to the instant matter, we note that community property principles have taken root in Florida to a limited degree. See Florida Uniform Disposition of Community Property Rights at Death Act, Fla. Stat. Ann. secs. 732.216-732.228 (West 1995).

distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal".  Fla. Const. art. X, sec. 5; see <u>Hallman v. Hospital & Welfare Bd.</u>, 262 So.2d 669, 670 (Fla. 1972).  Florida law permits husbands and wives to hold, control, encumber, or dispose of separate property without joinder or consent of their spouses in all respects as if they were unmarried.  Fla. Stat. Ann. sec. 708.08 (West 1988); <u>Holland v. Holland</u>, 406 So.2d 496, 497-498 (Fla. Dist. Ct. App. 1981).

In the instant cases, the parties have stipulated that Mr. Scarfia purchased the partnership interest in his name, and that the partnership issued all Schedules K-1 solely in Mr. Scarfia's name.  We conclude that Mrs. Scarfia had neither a joint interest in Mr. Scarfia's partnership investment nor a separate interest in the partnership.

<u>Analysis Under TEFRA</u>

The parties agree that as of the date that Mr. Scarfia filed a voluntary petition in bankruptcy, all partnership items attributable to him were converted to nonpartnership items by conjunctive operation of the bankruptcy rule and section 6231(b) and (c).  As a result of that conversion, this Court in a partnership proceeding does not have jurisdiction with respect to Mr. Scarfia pursuant to section 6226(d)(1)(A) and (f).

The parties further agree that Mrs. Scarfia's status as a partner for TEFRA purposes derives solely from the joint income tax returns she filed with Mr. Scarfia. Sec. 6231(a)(2); sec. 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). It is also undisputed that by the filing of joint returns Mrs. Scarfia became jointly and severally liable for any taxes due thereon. Sec. 6013(d)(3). The parties diverge, however, on whether the conversion of Mr. Scarfia's partnership items to nonpartnership items pursuant to the bankruptcy rule has any impact upon our jurisdiction over Mrs. Scarfia in this proceeding.

Mrs. Scarfia posits that Mr. Scarfia's status as a debtor in a bankruptcy proceeding has a twofold effect upon her. First, she contends that any partnership items that could be adjusted in the TEFRA proceeding that would affect her tax liability are converted to nonpartnership items, thereby removing the basis for this Court's subject matter jurisdiction under section 6226(f) with regard to her. Second, she argues that because her tax liability is no longer "determined in whole or in part by taking into account directly or indirectly partnership items of the partnership", she ceases to be a partner within the meaning of section 6231(a)(2)(B) and, consequently, must no longer be within the personal jurisdiction of this Court under section 6226(c).

Significantly, Mrs. Scarfia is unable to point to any statute or regulation explicitly divesting this Court of jurisdiction over her as a necessary concomitant to the conversion of Mr. Scarfia's partnership items under the bankruptcy rule.  The bankruptcy rule provides that the "partnership items of such a partner * * * shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy".  Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1989); (Emphasis added.).  Mrs. Scarfia does not contend that she ever was in bankruptcy, and thus she is not within the literal application of this rule.

Instead, Mrs. Scarfia makes an interpretative argument based upon section 6226(d)(1)(A).  That section provides that this Court loses personal jurisdiction over a partner after the day on which "the partnership items of such partner * * * became nonpartnership items" by reason of certain events, including the naming of the partner as a debtor in bankruptcy.  (Emphasis added.)  To bring herself within the ambit of section 6226(d)(1)(A), Mrs. Scarfia argues that the quoted language should be interpreted to mean "the partnership items related to such partner".

We disagree with Mrs. Scarfia's construction of the statute. The language in section 6226(d)(1)(A) parallels that of the

bankruptcy rule. Both are specific in targeting only the debtor and in converting only the partnership items of the debtor. Moreover, Mrs. Scarfia's expansive reading of section 6226(d)(1)(A) is contrary to the fundamental principle of statutory construction that where a statute is clear on its face, unequivocal evidence of legislative purpose is required to override the plain meaning of the words used. Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984). As Mrs. Scarfia has proffered no such evidence, we decline to adopt the broad interpretation urged upon us.

Respondent argues that the resolution of this issue is controlled by this Court's decision in Dubin v. Commissioner, 99 T.C. 325 (1992). In Dubin this Court addressed the impact of the bankruptcy rule upon a taxpayer who held a joint interest in a partnership with her husband and with whom she had filed a joint return. The taxpayer's husband was named as a debtor in a bankruptcy proceeding prior to the issuance of a single notice of deficiency that disallowed certain partnership losses and credits. The taxpayer filed a motion to dismiss for lack of jurisdiction on the ground that respondent's notice of deficiency was invalid for failure to comply with the TEFRA procedures. We noted that section 6231(a)(12) provides a general rule, subject to regulatory exception, that spouses with a joint interest in a partnership are treated as one person (or partner). We reasoned

that section 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), supersedes that rule by providing that, with certain narrow exceptions, spouses holding a joint interest are to be treated as two distinct partners.[7]   We concluded our analysis as follows:

> Because the focus in the bankruptcy rule is limited to the <u>partner's</u> status as a debtor in bankruptcy, we are compelled here to look only to petitioner's status, since she is the only partner before us, and, although she <u>is</u> a partner, she is <u>not</u> in bankruptcy.  Accordingly, we find the bankruptcy rule to be inapplicable.  [<u>Dubin v. Commissioner</u>, <u>supra</u> at 334.]

Because the taxpayer was unaffected by the conversion of her husband's partnership items we held the notice of deficiency issued to the taxpayer to be invalid.

We recognize that <u>Dubin v. Commissioner</u>, <u>supra</u>, involved a joint partnership interest arising under community property law, thereby implicating different statutory and regulatory provisions than those here at issue.  However, we see no meaningful distinction between the provisions applicable to a spouse whose partner status derives from community property principles (viz, a joint partnership interest) and a spouse who is deemed a partner

---

[7]    Our decision in <u>Dubin v. Commissioner</u>, 99 T.C. 325, 333-334 (1992), reflected our interpretation that, for purposes of the bankruptcy rule, the term "person" as used in sec. 6231(a)(12) is synonymous with the term "partner" in sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987).

because a joint return was filed.[8]  Cf. Estate of Callaway v. Commissioner, T.C. Memo. 1998-99.

In addition, we note that the policy behind the bankruptcy rule is inapplicable to Mrs. Scarfia's situation.  The purpose for the bankruptcy rule is to prevent the automatic stay of 11 U.S.C. section 362(a)(8) (1988), from impeding the TEFRA proceeding.  See Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. at 203.  Title 11 U.S.C. section 362(a)(8) (1988), generally provides that the filing of a bankruptcy petition operates as a stay of the commencement or continuation of a proceeding before the Tax Court concerning the debtor.  See Kieu v. Commissioner, 105 T.C. 387, 391 (1995).  Since other partners are unaffected by the resolution of a debtor-partner's bankruptcy proceeding, the TEFRA proceeding should not be delayed pending the outcome of a single partner's bankruptcy proceeding.  Mrs. Scarfia is not a debtor in a bankruptcy proceeding. Consequently, there is no concern about an automatic stay, and

---

[8]     Indeed, the relevant regulatory provisions utilize similar language in their treatment of a partner with a direct interest (e.g., through community property) and an indirect interest (through filing of a joint return).  Compare sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., supra ("Thus, both spouses are permitted to participate in administrative and judicial proceedings.") with sec. 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987) ("Thus, the spouse who files a joint return with a partner will be permitted to participate in administrative and judicial proceedings.").

thus no reason to convert her partnership items to nonpartnership items and remove her from these proceedings.

In sum, Mrs. Scarfia may not harness the bankruptcy rule as an expedient to ride Mr. Scarfia's coattails out of these TEFRA proceedings. We hold that Mrs. Scarfia's partnership items did not convert to nonpartnership items at the time that Mr. Scarfia's partnership items converted to nonpartnership items pursuant to the bankruptcy rule, and, therefore, she remains a party subject to this Court's jurisdiction.

Allocation of Partnership Items

By amended petitions the Scarfias request that this Court determine the proper allocation of partnership items between them.[9] Mrs. Scarfia maintains that, even if she remains a party to these proceedings, her joint and several liability neither endows her with a separate ownership interest in Mr. Scarfia's partnership investment nor creates partnership items allocable to her. Thus, she requests that we allocate 100 percent of the partnership investment to Mr. Scarfia and zero percent to her.

Nothing in either the bankruptcy rule or the statute allows such an allocation of partnership items between spouses.

---

[9] Sec. 6226(f) vests this Court with subject matter jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the FPAA relates and the proper allocation of such items among the partners.

We have considered all the other arguments made by the parties and, to the extent not discussed above, find them to be irrelevant or without merit.[10]

To reflect the foregoing,

> An appropriate order will be issued denying the motion to dismiss for lack of jurisdiction as to JoAnn Scarfia, and granting the motion to dismiss for lack of jurisdiction as to Michael J. Scarfia.

---

[10] Also without merit is Mrs. Scarfia's argument that a failure to allocate 100 percent of the partnership interest to Mr. Scarfia could potentially result in double taxation. Respondent is entitled to have any tax liability arising from Mr. Scarfia's investment in the partnership satisfied only once. See Dolan v. Commissioner, 44 T.C. 420, 430 (1965). Full payment of a joint and several obligation by one obligor extinguishes the liability of all obligors. Kroh v. Commissioner, 98 T.C. 383, 397 (1992); Dolan v. Commissioner, supra at 430.