**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

W. BRIAN McDERMOTT,

      Petitioner-Appellant,

v.

COMMISSIONER OF THE
INTERNAL REVENUE SERVICE,

      Respondent-Appellee.

No. 08-9006
(Tax Court No. 19530-06)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

In March 2000, the Commissioner of Internal Revenue ("Commissioner")

mailed W. Brian McDermott and his now-deceased wife a notice of deficiency

pursuant to 26 U.S.C. § 6212 concerning their 1996 individual income tax return.

The notice attributed income to them from various partnerships and explained that

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 26 U.S.C. § 6213(a), they had ninety days to file a petition for redetermination.  It was not until September 2006, however, that Mr. McDermott filed a petition in which he challenged the validity of the notice.  He acknowledged the petition was filed more than six years after the ninety-day deadline, but argued his untimely filing was excused because the notice improperly attributed partnership income to him before the conclusion of partnership proceedings, and was thus invalid.  The Tax Court never addressed the validity of the notice, but instead dismissed his petition as time-barred.

"We review tax court decisions in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.  The Tax Court's legal conclusions are subject to de novo review, and its factual findings can be set aside only if clearly erroneous."  *Katz v. Comm'r*, 335 F.3d 1121, 1125-26 (10th Cir. 2003) (citations and quotation marks omitted).

Title 26 U.S.C. § 6221 provides that "the tax treatment of any partnership item . . . shall be determined at the partnership level."  As such, "[a] partnership-level proceeding is the exclusive means for adjusting a partnership item."  *Katz*, 335 F.3d at 1124.  In *Dubin v. Comm'r*, 99 T.C. 325 (1992), the taxpayers filed an untimely petition for redetermination arguing that the "notice of deficiency is invalid because all of the items giving rise to adjustments are partnership items (or affected items) and [the Commissioner] has failed to comply with the unified audit and litigation procedures applicable to partnership items."  *Id.* at 327.  The

tax court stated that "[a]lthough [the taxpayer] concedes that her petition was not timely filed, we must take up first the validity of [the Commissioner's] notice of deficiency." *Id*. The court then outlined the procedure when the taxpayer files an untimely petition that challenges the validity of a notice:

> If [the Commissioner] issued a valid notice of deficiency, then we must grant [the Commissioner's] motion and dismiss this case for lack of jurisdiction on account of [the taxpayer's] failure to file a timely petition. In contrast, if respondent failed to issue a valid notice of deficiency, we must dismiss this case for lack of jurisdiction on that ground, rather than on the ground of an untimely petition. Accordingly, we focus first on whether and the extent to which [the Commissioner's] notice of deficiency is valid.

*Id*. (citations omitted). *Accord Rochelle v. Comm'r*, 116 T.C. 356, 358 (2001) (holding that "[i]f the notice of deficiency is found to be invalid, we must dismiss in petitioner's favor regardless of whether the taxpayer's petition was timely filed.").

The Tax Court in this case did not rule on the validity of the notice. It reasoned instead that "[t]he factual issue as to whether income charged to [the taxpayers] in [the Commissioner's] notice of deficiency represents income [the taxpayers] earned as [] partner[s] in a . . . partnership does not go to the jurisdiction of this Court[,]" R., Doc. 11, at 4, and dismissed the petition as untimely. To the contrary, that issue must be resolved in the first instance. The

failure to do so means that the case is REMANDED to the tax court for further proceedings consistent with this Order and Judgment.

Entered for the Court

Terrence L. O'Brien
Circuit Judge