*256 OPINION OF THE COURT
Harold J. Hughes, J.
Petitioner brings this proceeding pursuant to CPLR 5239 to determine his rights in real property scheduled to be sold at a Sheriff’s sale in satisfaction of a judgment obtained by respondent bank against petitioner’s wife. The Sheriff’s sale has been stayed pending determination of this proceeding.
Petitioner and the judgment debtor were married on September 8,1962 and during 1965 acquired a building lot in the Village of Hunter, Greene County, New York. Since petitioner was in the construction trade and wished to insulate the family residence from the claims of his creditors, he placed the title to the lot in the name of his wife. A house was later built upon the lot and petitioner and his family resided there.
Petitioner operated a closely owned corporation, G.M.C. Homes, Inc., which borrowed over $200,000 from the Union National Bank. Petitioner and his wife personally guaranteed the corporate debt. G.M.C. Homes defaulted on this debt and when the bank attempted to collect, the corporation and petitioner declared bankruptcy. The bank then brought an action against petitioner’s wife upon her guarantee and was granted summary judgment against her (Union Nat. Bank v Schurm, 87 AD2d 682). On November 27, 1981 petitioner’s wife left the marital residence and subsequently commenced an action for divorce in which an order has been entered awarding petitioner temporary, exclusive occupancy of the marital residence and restraining Mrs. Schurm from disposing of her interest therein during the pendency of the divorce action.
In this proceeding petitioner argues that he and his children will be severely prejudiced if the sale is allowed to go forward. He seeks to permanently enjoin the sale upon the arguments that: (1) he has a vested equitable interest in the marital domicile under the Equitable Distribution Law (Domestic Relations Law, § 236, part B); (2) the Sheriff’s sale would be in contravention of the order made in the divorce action directing that his wife’s interest in the property not be transferred; and (3) the statutes under *257 which the sale is authorized are unconstitutional according to Deary v Guardian Loan Co. (534 F Supp 1178).
Prior to reaching petitioner’s contentions, the court will address the question whether Mrs. Schurm is a necessary party to this proceeding. Mrs. Schurm’s counsel in the action by the bank and her attorneys in the divorce action have both been served with a copy of the order to show cause bringing on this proceeding. CPLR 5236 (subd [c]) required that she be personally served with a copy of the notice of sale by the Sheriff. Despite ample notice, Mrs. Schurm has not come forward to object to the sale.
 Addressing the merits, it is clear that the order restraining Mrs. Schurm from disposing of the property will not be violated by the Sheriff’s sale since all the order precluded was a voluntary conveyance by Mrs. Schurm and it did not restrain her judgment creditors. Likewise, petitioner’s reliance upon a property right allegedly created by the Equitable Distribution Law is without basis. The rule prior to the enactment of the Equitable Distribution Law was that an ex-husband has no interest in the proceeds realized from his ex-wife’s sale of the former marital residence when there had been an absolute conveyance of the property to her (Griffin v Griffin, 79 AD2d 828). One spouse is, of course, free to convey his or her interest in real property to the other (General Obligations Law, § 3-309). Real property acquired by a married woman as a result of a gift from her husband is hers free and clear of his control or the claims of his creditors (Domestic Relations Law, § 50). In the absence of a change wrought by the enactment of the Equitable Distribution Law (L1980, ch 281) this petitioner has no legal or equitable interest in the property which is the subject of this proceeding. The court has reviewed the bill jacket pertaining to chapter 281 of the Laws of 1980 and can discern no legislative intent to alter existing rules of property other than between spouses. Until the point that title to property changes hands between spouses pursuant to court order (Domestic Relations Law, § 236, part B, subd 5) the Equitable Distribution Law does not affect the rights of creditors of the parties to the marriage.
Petitioner’s reliance upon Deary v Guardian Loan Co. (534 F Supp 1178, supra) is misplaced. Deary and similar *258 cases (see Matter of Cole v Goldberger, Pedersen & Hochron, 95 Misc 2d 720) hold that CPLR 5222, 5230 and 5232 violate due process by not requiring notice to judgment debtors prior to the application of their property in satisfaction of a judgment. Those cases do not apply here for several reasons. First, this petitioner is not a judgment debtor; he has no interest in the property giving rise to due process protection (20 NY Jur 2d, Constitutional Law, § 419); and he did in fact receive notice. Secondly, in contrast to the statutes found to be invalid in Deary, CPLR 5236 provides for personal service of a copy of the notice of sale upon the judgment debtor and all holders of record interest in the property (CPLR 5236, subd [c]). Finally, the Legislature has acted to correct the constitutional deficiencies found in Deary (L 1982, ch 882).
Petitioner’s final argument is that the sale of the residence will work an unconscionable result upon him and his children. As Chief Judge Cooke stated, “Any judicial sale, especially one involving the judgment debtor’s residence, is a tragic event” (Guardian Loan Co. v Early, 47 NY2d 515, 518). Here, that event is largely of the petitioner’s own making. As a businessman he made a decision early on to attempt to put the marital residence beyond the reach of his creditors by placing title in his wife’s name. Thereafter, he borrowed large sums from the respondent bank and prevailed upon his wife to personally guarantee his business loans. After defaulting, he filed for personal and corporate bankruptcy. This is simply not the story of a poor homemaker and children losing all through the wrongdoing of a scheming spouse and heartless creditors (see Gilchrist v Commercial Credit Corp., 66 Misc 2d 791). All that is occurring here is that a bank, through the means established by the Legislature, may recoup part of the money this petitioner borrowed, spent and failed to repay. There has been no showing that petitioner and his wife will not be able to meet their joint obligation to support their children (Domestic Relations Law, § 240) out of income and assets other than the marital residence.
The court will grant judgment declaring that petitioner has no interest in the real property which is subject to the *259 Sheriff’s sale, will dismiss the petition, and vacate the stay heretofore granted, all without costs.