T.C. Memo. 1998-99

UNITED STATES TAX COURT

ESTATE OF JAMES T. CALLAWAY, DECEASED, ELIZABETH N.
CALLAWAY, EXECUTRIX, and ELIZABETH N. CALLAWAY, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20048-96.                    Filed March 10, 1998.

Frank Agostino, for petitioners.

Susan G. Lewis and Guy A. Bracuti, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge: This case is before
the Court on petitioners' Motion for Summary Judgment. In
addition, the Court, sua sponte, raised certain jurisdictional
issues concerning the validity of the notices of deficiency at
issue.[1]

---

[1] Section references are to the Internal Revenue Code, as
                                                (continued...)

The primary issue for consideration is whether the affected items notices of deficiency are valid. In this connection, we must consider whether the partnership items of each petitioner converted to nonpartnership items. If the partnership items of either petitioner remain as partnership items, we must further decide whether the period of limitations has expired for issuance of that affected items notice of deficiency.

Background

Petitioners are the estate of James T. Callaway and Elizabeth N. Callaway (Mrs. Callaway), James T. Callaway's surviving spouse. James T. Callaway (decedent) died on December 8, 1990. Mrs. Callaway is the duly appointed executrix of decedent's estate.

During the taxable years 1986, 1987, and 1988, decedent was a limited partner in a partnership known as Mountain View Mall Associates (Mountain View or the partnership). Decedent and Mrs. Callaway filed joint Federal income tax returns reporting decedent's distributive share of losses reported on Mountain View's partnership returns for the taxable years 1986, 1987, and 1988.

On February 5, 1991, respondent mailed to decedent a notice of the beginning of an administrative proceeding (NBAP)

---

[1](...continued)
amended. Rule references are to the Tax Court Rules of Practice and Procedure.

respecting the partnership's 1988 taxable year. Respondent has been unable to provide the Court with copies of the NBAP's purportedly mailed to decedent on the same date with respect to the partnership's 1986 and 1987 taxable years.

On December 23, 1991, Mrs. Callaway forwarded several letters to respondent, including a request for prompt assessment of income tax submitted on behalf of decedent's estate for the taxable years 1983 through 1990. See sec. 6501(d). In addition, Mrs. Callaway remitted three checks to respondent in the amounts of $90,635, $48,846, and $8,439 designated as deposits in the nature of a cash bond respecting petitioners' tax liabilities for 1986, 1987, and 1988, respectively. At the same time, Mrs. Callaway filed a Form 872-T with respondent, covering the taxable years 1983 through 1990, along with a letter dated December 23, 1991, stating:

> please accept this form as a statement disclaiming and denying the Tax Matters Partners' settlement authority, a statement denying the Tax Matters Partner's authority to extend any statutes of limitation, and an election to have any items which would be classified as partnership items classified as non-partnership items subject to the deficiency procedures of Internal Revenue Code section 6213. * * *

There is no indication that respondent replied to Mrs. Callaway's letters. However, the record indicates that respondent initially concluded that Mrs. Callaway's request for prompt assessment of income tax filed on behalf of decedent's estate was invalid.

On October 5, 1992, respondent issued notices of final partnership administrative adjustment (FPAA) to the tax matters partner (TMP) for Mountain View determining adjustments to the partnership's tax returns for 1986, 1987, and 1988. On the same date, respondent mailed to petitioners copies of the above-described FPAA's.

On or about March 17, 1993, a Mountain View partner, other than the TMP, filed a petition for readjustment with the U.S. Court of Federal Claims contesting the FPAA's described above.

In August and September 1993, respondent entered what respondent terms "precautionary" assessments against petitioners for additional taxes in the amounts of $77,384, $41,981, and $6,541 for 1986, 1987, and 1988, respectively, reflecting the disallowance of decedent's distributive share of Mountain View's partnership items for those years. At the same time, respondent posted to petitioners' accounts the amounts that Mrs. Callaway remitted to respondent on December 23, 1991.[2]

On July 6, 1995, the U.S. Court of Federal Claims dismissed the partnership level action pursuant to section 6226(h) based upon a stipulation for dismissal in which the partnership conceded the adjustments set forth in the FPAA's.

---

[2] Respondent entered these assessments in an effort to protect against the expiration of the period of limitations in the event that Mrs. Callaway's request for prompt assessment filed on behalf of the decedent's estate was deemed valid.

On July 16, 1996 (presumably after abating the above-described assessments entered in August and September 1993), respondent entered identical assessments against petitioners reflecting computational adjustments to account for the disallowance of decedent's distributive share of Mountain View's partnership items for the taxable years 1986, 1987, and 1988.

On August 5, 1996, respondent issued notices of deficiency to petitioners determining various additions to tax, including delinquent filing of returns, negligence, and valuation overstatements for the taxable years 1986, 1987, and 1988. The additions to tax are based upon adjustments to petitioners' tax liability arising from the disallowance of decedent's distributive share of Mountain View partnership items. Petitioners invoked the Court's jurisdiction by filing a timely petition for redetermination.

After filing their petition, petitioners filed a motion to restrain collection asserting that respondent had failed to timely assess and was improperly attempting to collect the underlying tax deficiencies attributable to the disallowance of decedent's distributive share of Mountain View's partnership items. Respondent filed an objection to petitioners' motion to restrain collection asserting that the Court lacks jurisdiction to restrain respondent's collection efforts under the circumstances presented. In further response, however,

respondent conceded that all assessments entered against decedent's estate were improper on the ground that Mrs. Callaway's request for prompt assessment filed on behalf of decedent's estate on December 23, 1991, was valid, thereby resulting in the immediate conversion of decedent's Mountain View partnership items to nonpartnership items under section 6231(c)(2) and section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987).[3]  In contrast, respondent maintained that the July 1996 assessments entered against Mrs. Callaway were proper on the ground that, notwithstanding the conversion of decedent's partnership items to nonpartnership items, Mrs. Callaway continued to be treated as a Mountain View partner pursuant to section 301.6231(a)(2)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

Following a hearing on the matter, we denied petitioners' motion to restrain collection on the ground that the Court's jurisdiction in this case is limited to a redetermination of the additions to tax determined in the notices of deficiency for affected items at issue, and, therefore, the Court lacks the

---

[3]  As a result of respondent's concession respecting the validity of the request for prompt assessment filed on behalf of decedent's estate, respondent further concedes that respondent was obliged to issue a notice of deficiency to decedent's estate for (or assess) any deficiencies attributable to decedent's distributive share of Mountain View's partnership items for 1986, 1987, and 1988 by June 23, 1992.  See secs. 6501(d), 6229(f).

authority under section 6213(a) to restrain the assessment or collection of the underlying deficiencies. See Powell v. Commissioner, 96 T.C. 707 (1991).

Petitioners subsequently filed a motion for summary judgment asserting that the notices of deficiency for affected items were issued beyond the period of limitations. Specifically, relying on respondent's concession that decedent's partnership items converted to nonpartnership items on December 23, 1991, petitioners maintain that Mrs. Callaway's partnership items likewise converted to nonpartnership items at the same time on the ground that she is treated as a Mountain View partner only due to her election to file joint returns with decedent for the years in issue.

Following a preliminary review of petitioners' motion, and considering respondent's concessions, the Court issued an order in which the Court sua sponte raised issues respecting the validity of the notices of deficiency for affected items and the Court's jurisdiction in this case. As directed by the Court, the parties subsequently filed status reports, and respondent filed a response in opposition to petitioners' motion.

Discussion

The notices of deficiency at issue in this case, so-called affected items notices of deficiency, were issued to petitioners pursuant to the unified audit and litigation procedures set forth

in sections 6221 through 6233.  Tax Equity & Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648.  Pursuant to the TEFRA provisions, which apply with respect to all taxable years of a partnership beginning after September 3, 1982, the tax treatment of any partnership item generally is determined in a single proceeding at the partnership level.  Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986).

Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit.  Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Partnership items are distinguished from affected items which are defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item.  White v. Commissioner, 95 T.C. 209, 211 (1990).  The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items.  Sec. 6231(a)(6); White v. Commissioner, supra.  Once partnership level proceedings are completed, the Commissioner is permitted to assess a computational adjustment against a partner without issuing a deficiency notice.  Sec. 6230(a)(1); N.C.F. Energy Partners v.

Commissioner, 89 T.C. 741, 744 (1987);  Maxwell v. Commissioner, supra at 792 n.9.

The second type of affected item is one that is dependent upon factual determinations to be made at the individual partner level.  N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items that require partner level determinations.  For instance, additions to tax for negligence are affected items requiring factual determinations at the individual partner level.  N.C.F. Energy Partners v. Commissioner, supra at 745.

Congress has vested the Secretary with the authority to prescribe exceptions to the unified partnership audit and litigation procedures.  In particular, section 6231(c)(2) provides that, where the treatment of partnership items will interfere with the effective and efficient enforcement of the TEFRA provisions, the Secretary may promulgate regulations whereby such partnership items will be treated as nonpartnership items.[4]  One such special enforcement area is described in section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987), which provides:

---

[4]  In those instances where partnership items are treated as nonpartnership items, adjustments to the partner's tax liability generally are determined at the individual partner level through the normal deficiency procedures.  Sec. 6230(a)(2)(A)(ii).

Prompt assessment (Temporary).--The treatment of items as partnership items with respect to a partner on whose behalf a request for a prompt assessment of tax under section 6501(d) is filed will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending with or within any taxable year of the partner with respect to which a request for a prompt assessment of tax is filed shall be treated as nonpartnership items as of the date that the request is filed.

In sum, the partnership items of a partner on whose behalf a request for prompt assessment of income tax is filed under section 6501(d) shall be treated as nonpartnership items as of the date that the request for prompt assessment is filed.[5]

Petitioners contend that they are entitled to summary judgment that the notices of deficiency for affected items were issued beyond the period of limitations on the ground that both decedent's and Mrs. Callaway's partnership items converted to nonpartnership items upon the filing of a request for prompt assessment on decedent's behalf on December 23, 1991. Although

---

[5] The filing of a request for prompt assessment on behalf of a deceased partner presents special enforcement problems with respect to TEFRA partnership proceedings due to the abbreviated period of limitations associated with such a request. In particular, sec. 6501(d) establishes an exception to sec. 6501(a) which sets forth the general rule that the amount of any income tax shall be assessed within 3 years after a tax return is filed. Sec. 6501(d) provides that a request for prompt assessment may be filed with respect to any tax (except estate tax) for which a return is required by a decedent, or by his estate during the period of administration, or by a corporation, and that such tax generally shall be assessed within 18 months after filing of such request but not later than 3 years after the return was filed.

petitioners' "conversion" theory and period of limitations arguments seem logical at first glance, closer scrutiny reveals that, if petitioners' conversion theory is correct with respect to both decedent and Mrs. Callaway, it follows that the Court lacks jurisdiction on the ground that the notices of deficiency for affected items are invalid.

It is well settled that allegations concerning the period of limitations constitute an affirmative defense, not a plea to the jurisdiction of this Court. Saso v. Commissioner, 93 T.C. 730, 734-735 (1989); see Columbia Bldg., Ltd. v. Commissioner, 98 T.C. 607, 611-612 (1992). Further, the Court has long held that, where the Court's jurisdiction and the period of limitations are both disputed issues in a case, we are obliged to resolve first whether the Court has jurisdiction. King v. Commissioner, 88 T.C. 1042, 1050 (1987), affd. on other grounds 857 F.2d 676 (9th Cir. 1988). A jurisdictional issue can be raised by either party or the Court sua sponte at any stage of the proceedings. Smith v. Commissioner, 96 T.C. 10, 13-14 (1991).

As explained in greater detail below, if we agree with petitioners' conversion theory, the notices of deficiency for affected items are invalid thereby rendering petitioners' period of limitations argument moot. On the other hand, if we reject petitioners' conversion theory, the notices of deficiency for affected items are valid, and petitioners' period of limitations

argument fails.  For clarity, we shall analyze the validity of the notices of deficiency separately with respect to decedent and Mrs. Callaway.

Jurisdiction:  Estate of James T. Callaway

The Court's jurisdiction is dependent upon a valid notice of deficiency and timely filed petition for redetermination.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. & Normac Intl. v. Commissioner, 90 T.C. 142, 147 (1988).  In Crowell v. Commissioner, 102 T.C. 683, 691-692 (1994), the Court held that a taxpayer may contest the validity of a notice of deficiency for affected items on the ground that the taxpayer's partnership items converted to nonpartnership items by virtue of the Commissioner's alleged failure to notify properly the taxpayer of partnership level proceedings.

Consistent with Crowell, and considering respondent's concession that Mrs. Callaway filed a valid request for prompt assessment on behalf of decedent's estate, the Court sua sponte raised the issue of the validity of the notices of deficiency for affected items insofar as the notices were issued to decedent's estate.  In particular, because decedent's Mountain View partnership items converted to nonpartnership items for the years at issue in this case pursuant to section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987), it follows that the question of decedent's tax liability

for such items was excepted from the unified partnership audit and litigation procedures. See sec. 6230(a)(2)(A)(ii) (normal deficiency procedures apply where partnership items converted to nonpartnership items under secs. 6231(e)(1)(B)(i) and 6231(c)(2)). Under the circumstances, we hold that the notices of deficiency for affected items are invalid insofar as they were issued to decedent's estate. Consequently, we shall dismiss this case for lack of jurisdiction with respect to decedent's estate and deny petitioners' motion for summary judgment as moot insofar as it pertains to decedent's estate.

Jurisdiction: Elizabeth N. Callaway

Petitioners maintain that, because Mrs. Callaway is treated as a Mountain View partner solely by virtue of having filed a joint return with decedent for the years in issue, her partnership items converted to nonpartnership items at the same time that decedent's partnership items were so converted. We disagree.[6]

The controversy surrounding Mrs. Callaway's status as a Mountain View partner involves the effect of section 301.6231(a)(2)-1T(a)(1), Temporary Proceed. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), which provides in pertinent part:

> Persons whose tax liability is determined
> indirectly by partnership items (Temporary).--(a)

---

[6] Again, petitioners' conversion theory raises the question of the validity of the notices of deficiency.

Spouse filing joint return with individual holding separate interest--(1) In general. [With exceptions not applicable here] * * *, a spouse who files a joint return with an individual holding a separate interest in the partnership shall be treated as a partner for purposes of subchapter C of chapter 63 of the Code. Thus, the spouse who files a joint return with a partner will be permitted to participate in administrative and judicial proceedings.

Respondent contends that, notwithstanding the conversion of decedent's partnership items to nonpartnership items pursuant to section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987), Mrs. Callaway was at all times treated as a Mountain View partner who was fully entitled to participate in partnership level proceedings pursuant to section 301.6231(a)(2)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). In this regard, respondent asserts that the notices of deficiency for affected items are valid as to Mrs. Callaway and that such notices were timely issued following the conclusion of the partnership level proceeding in the U.S. Court of Federal Claims.

Based upon the plain language of the provisions in question, we agree with respondent that Mrs. Callaway's partnership items did not convert to nonpartnership items pursuant to section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987). We begin with section 301.6231(a)(2)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), which plainly states that a spouse who files a joint

return with an individual holding a separate interest in a partnership shall be treated as a partner for purposes of subchapter C of chapter 63 of the Code and will be permitted to participate in administrative and judicial proceedings. In practical effect, section 301.6231(a)(2)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), ensures that a spouse, who may be jointly and severally liable under section 6013(d)(3) for any deficiency in tax arising with respect to a joint return, will be permitted to protect his or her interests by fully participating in any unified partnership level administrative or judicial proceeding.[7] By virtue of having filed joint returns with decedent during the years in issue, Mrs. Callaway clearly qualifies for treatment as a partner under this temporary regulation.

In contrast, we find no support for petitioners' position that Mrs. Callaway's partnership items converted to nonpartnership items as a consequence of the request for prompt assessment filed on decedent's behalf. Section 6501(d) establishes a limited exception to the normal 3-year period of

---

[7] Sec. 6013(d)(3) provides: "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." One of the fundamental characteristics of joint and several liability is that the obligee (respondent) may proceed against the obligors (joint taxpayers) separately and may obtain a separate judgment against each. Dolan v. Commissioner, 44 T.C. 420, 427 (1965).

limitations set forth in section 6501(a) by providing that the assessment procedure may be expedited where a request for prompt assessment is filed on behalf of a decedent, the decedent's estate, or a corporation. Section 6501(d) does not provide prompt assessment relief to a surviving spouse. See Garfinkel v. Commissioner, 67 T.C. 1028, 1032-1033 (1977); Estate of Severt v. Commissioner, T.C. Memo. 1998-34. Similarly, we conclude that section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987), which provides that partnership items will be treated as nonpartnership items "with respect to a partner on whose behalf a request for a prompt assessment of tax under section 6501(d) is filed", does not apply to the surviving spouse of a deceased partner.

We note that in Dubin v. Commissioner, 99 T.C. 325, 334 (1992), we rejected a similar argument under analogous circumstances. In Dubin v. Commissioner, supra, the taxpayer and her husband held a joint interest in a partnership. Because the taxpayer's husband was named as a debtor in a bankruptcy proceeding, his partnership items converted to nonpartnership items pursuant to section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987). However, in a reversal of the positions of the parties in the instant case, the Commissioner argued in Dubin that the partnership items of the taxpayer (wife) had converted to nonpartnership items at the time

that her husband filed for bankruptcy.[8]  Specifically, the
Commissioner argued that the taxpayer's partnership items
converted to nonpartnership items by virtue of section
6231(a)(12), which provides that a husband and wife who have a
joint interest in a partnership generally shall be treated as one
person (or partner).

In rejecting the Commissioner's position, we noted that
section 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs.,
52 Fed. Reg. 6793 (Mar. 5, 1987), establishes an exception to the
general rule stated in section 6231(a)(12) by providing that
spouses holding a joint interest in a partnership are treated as
separate partners.  Further, focusing on the bankruptcy rule set
forth in section 301.6231(c)-7T(a), Temporary Proced. & Admin.
Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), we concluded that the
temporary regulation "concerns itself with the treatment of items
as partnership items with respect to a partner named as a debtor
in a bankruptcy proceeding; partnership items of such a partner
are treated as nonpartnership items."  Dubin v. Commissioner,
supra at 334.  We concluded our analysis as follows:

---

[8]  The Commissioner's position was born of the fact that the
Commissioner had not notified the taxpayer of the partnership
level proceedings but rather issued the taxpayer a notice of
deficiency.  The case was before the Court on the parties' cross-
motions to dismiss for lack of jurisdiction.  The Commissioner
argued that the case should be dismissed on the ground that the
petition was not timely filed, and the taxpayer moved to dismiss
on the ground that the notice of deficiency was invalid.

> Because the focus in the bankruptcy rule is limited to the <u>partner's</u> status as a debtor in bankruptcy, we are compelled here to look only to petitioner's status, since she is the only partner before us, and, although she <u>is</u> a partner, she is <u>not</u> in bankruptcy. Accordingly, we find the bankruptcy rule to be inapplicable.

<u>Id.</u> Consistent with our finding that the taxpayer's partnership items had not converted to nonpartnership items in <u>Dubin</u>, we held the notice of deficiency issued to the taxpayer to be invalid.

Although the <u>Dubin</u> case involved the status of a taxpayer holding a joint partnership interest with her husband, whereas the instant case concerns the status of a taxpayer who filed a joint return with her husband, who held a separate partnership interest, we see no meaningful distinction between the controlling statutory and regulatory provisions. In short, just as the bankruptcy provision at issue in <u>Dubin</u> was found to extend only to the partner/spouse in bankruptcy, the prompt assessment provision at issue in the instant case only extends to the deceased partner on whose behalf the request for prompt assessment is filed.

Based upon the preceding discussion, we hold that Mrs. Callaway's Mountain View partnership items did not convert to nonpartnership items at the time that decedent's partnership items converted to nonpartnership items pursuant to section 301.6231(c)-8T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6794 (Mar. 5, 1987).

Petitioners further contend that Mrs. Callaway's partnership items converted to nonpartnership items as a consequence of respondent's failure to notify properly petitioners of the beginning of the Mountain View administrative proceedings. Again, we find that the controlling statutory provisions do not provide any support for petitioners' position.

Section 6223(a) provides in pertinent part that the Commissioner shall notify the partners of a TEFRA partnership of (1) the beginning of an administrative proceeding at the partnership level and (2) the final administrative adjustment arising from such proceeding.[9] Section 6223(e) provides various remedies where the Commissioner fails to provide timely notice under section 6223(a). Section 6223(e) provides in pertinent part:

> (e) Effect of Secretary's Failure To Provide Notice.--
>
>> (1) Application of subsection.--
>>
>>> (A) In general.--This subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to a partner entitled to such notice within the period specified in subsection (d).
>>
>> * * * * * * *
>>
>> (2) Proceedings finished.--In any case to which this subsection applies, if at the time the Secretary mails the partner notice of the proceeding--

---

[9] Respondent concedes that decedent is a Mountain View "notice partner" within the meaning of secs. 6223(a) and 6231(a)(8).

(A) the period within which a petition for review of a final partnership administrative adjustment under section 6226 may be filed has expired and no such petition has been filed, or

(B) the decision of a court in an action begun by such a petition has become final,

the partner may elect to have such adjustment, such decision, or a settlement agreement described in paragraph (2) of section 6224(c) with respect to the partnership taxable year to which the adjustment relates apply to such partner.  If the partner does not make an election under the preceding sentence, the partnership items of the partner for the partnership taxable year to which the proceeding relates shall be treated as nonpartnership items.

(3) Proceedings still going on.--In any case to which this subsection applies, if paragraph (2) does not apply, the partner shall be a party to the proceeding unless such partner elects--

(A) to have a settlement agreement described in paragraph (2) of section 6224(c) with respect to the partnership taxable year to which the proceeding relates apply to the partner, or

(B) to have the partnership items of the partner for the partnership taxable year to which the proceeding relates treated as nonpartnership items.

As previously mentioned, respondent was unable to provide the Court with copies of the NBAP's purportedly issued to petitioners respecting Mountain View's 1986 and 1987 taxable years.  However, respondent did mail to decedent on February 5, 1991, a NBAP respecting Mountain View's 1988 taxable year. Further, on October 5, 1992, respondent mailed to petitioners

copies of the FPAA's respecting Mountain View's taxable years 1986, 1987, and 1988.

Relying on Mrs. Callaway's December 23, 1991, letter and respondent's failure to prove that NBAP's were mailed to petitioners with respect to Mountain View's 1986 and 1987 taxable years, petitioners contend that their partnership items converted to nonpartnership items either at the time that respondent should have mailed the NBAP's to petitioners or upon delivery of Mrs. Callaway's December 23, 1991, letter requesting that her partnership items be treated as nonpartnership items.

Even assuming that respondent failed to mail the NBAP's, the record is clear that respondent mailed FPAA's to petitioners respecting Mountain View's 1986, 1987, and 1988 taxable years on October 5, 1992--prior to the date that a partner other than the TMP filed a petition for readjustment of Mountain View partnership items with the U.S. Court of Federal Claims. Under the circumstances, Mrs. Callaway's remedy, upon receipt of the FPAA's, was to make an election under section 6223(e)(3)(B) to have her Mountain View partnership items treated as nonpartnership items. Cf. <u>Wind Energy Associates III v. Commissioner</u>, 94 T.C. 787, 791-792 (1990). In this regard, section 301.6223(e)-2T(c)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987), provides:

> The election shall be made by filing a statement with the Internal Revenue Service office mailing the notice

regarding the proceeding within 45 days after the date on which that notice was mailed.

Under the circumstances, we are not persuaded that Mrs. Callaway's earlier letter to respondent dated December 23, 1991, wherein Mrs. Callaway requested that her partnership items be treated as nonpartnership items, constitutes a qualifying election within the meaning of section 6223(e)(3)(B).

Finally, we are satisfied that Mrs. Callaway's letter dated December 23, 1991, in which Mrs. Callaway unilaterally attempted to terminate any extension of the period of limitations concerning the partnership for the years in issue, was ineffective to overcome the TMP's broad grant of authority under section 6229(b)(1)(B) to execute agreements to extend the period of limitations. Because Mrs. Callaway does not assert that the notices of deficiency for affected items were issued beyond 1 year from the date that the U.S. Court of Federal Claims' decision in the partnership level proceedings became final, see sec. 6229(d), we deem the point conceded.

In sum, we conclude that Mrs. Callaway's partnership items did not convert to nonpartnership items, and the notices of deficiency for affected items are valid insofar as they were issued to Mrs. Callaway. Petitioners have failed to prove that the period of limitations expired prior to the issuance of the notices of deficiency for affected items to Mrs. Callaway.

Consequently, we shall deny petitioners' motion for summary judgment insofar as the motion pertains to Mrs. Callaway.

To reflect the foregoing,

An order will be issued dismissing this case for lack of jurisdiction as to the estate of James T. Callaway, amending the caption of the case as appropriate, and denying petitioners' motion for summary judgment as moot insofar as the motion pertains to decedent's estate and denying petitioner's motion for summary judgment insofar as the motion pertains to Mrs. Callaway.