T.C. Memo. 1998-146


UNITED STATES TAX COURT


GREENBERG BROTHERS PARTNERSHIP #12, a.k.a.
LONE WOLF MCQUADE ASSOCIATES, AND RICHARD M. GREENBERG,
TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CINEMA '84, RICHARD M. GREENBERG,
TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 22780-91, 621-92.       Filed April 22, 1998.

<u>Thomas E. Redding</u>, for participants Edwin A. Locke, Jr. and Karin M. Locke.

<u>Joseph F. Long</u> and <u>Gerald A. Thorpe</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  These consolidated cases are before the Court on participants Edwin A. Locke, Jr. and Karin M. Locke's (collectively the Lockes) motion to dismiss for lack of jurisdiction.  Respondent concedes that the filing of a petition

in bankruptcy by Mr. Locke divested this Court of jurisdiction over Mr. Locke and his partnership items pursuant to section 6231(b) and (c)[1] and section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987) (the bankruptcy rule). The primary issue is whether the operation of the bankruptcy rule also divests this Court's jurisdiction over Mrs. Locke, who is deemed a partner and a party to these proceedings subject to the unified audit and litigation procedures of sections 6221 through 6231 enacted by the Tax Equity & Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648, by virtue of having filed joint income tax returns with Mr. Locke.

## Background

Greenberg Brothers Partnership #12, a.k.a. Lone Wolf McQuade Associates and Cinema '84 (the partnerships) are two of a number of partnerships formed to purchase and exploit the rights to certain films. The general partners of those partnerships were Richard M. Greenberg and/or A. Frederick Greenberg.[2] Respondent

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] On its partnership returns for the years in issue Greenberg Brothers Partnership #12, a.k.a. Lone Wolf McQuade Associates claimed loss deductions based on the alleged purchase of the films "Lone Wolf McQuade" and "Strange Invaders". On its partnership returns for the years in issue Cinema '84 claimed

(continued...)

began an examination of these partnerships at some point in the mid-1980's as part of a national project focusing on the various partnerships of the Greenberg brothers.

Respondent issued notices of final partnership administrative adjustments (FPAA's) to the tax matters partner (TMP) for each of the partnerships determining adjustments to partnership items for the following partnership taxable years:

| Docket No. | FPAA Date | Partnership Taxable Years | Petition Date |
|---|---|---|---|
| 22780-91 | July 8, 1991 | 1983-86 | Oct. 7, 1991 |
| 621-92 | Oct. 15, 1991 | 1984-89 | Jan. 8, 1992 |

At the time the petitions in these cases were filed the principal place of business for each partnership was located at Greenwich, Connecticut.

The Lockes were married and filed joint Federal income tax returns for the years at issue. Mr. Locke's investment in these partnerships was purchased only in his name. The Schedules K-1 issued by the partnerships were issued solely in the name of Mr. Locke.

On April 7, 1992, Mr. Locke filed a petition in bankruptcy with the U.S. Bankruptcy Court for the Southern District of New York. Mr. Locke subsequently was granted a discharge by order of

---

[2](...continued)
loss deductions based upon the alleged purchase of the motion picture "The Terminator" starring Arnold Schwarzenegger, as well as such films as "The Howling II", "Return of the Living Dead", "Perfect Strangers", "A Breed Apart", and "Special Effects".

the Bankruptcy Court dated August 31, 1992.  Mrs. Locke did not file a petition in bankruptcy.

## Discussion

### The TEFRA Provisions

Pursuant to the TEFRA provisions the tax treatment of "partnership items" generally is to be determined at the partnership level.  See Maxwell v. Commissioner, 87 T.C. 783, 788 (1986).  Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit.  Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.  Nonpartnership items are items that are not partnership items.  Sec. 6231(a)(4).

This Court's jurisdiction of a partnership action is predicated upon the mailing of a valid FPAA by the Commissioner to the TMP and the timely filing by the TMP or other eligible partner of a petition seeking a readjustment of partnership items.  Rule 240(c); Seneca, Ltd. v. Commissioner, 92 T.C. 363, 365 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990).  Neither the Lockes nor respondent disputes that the FPAA's were valid and that the petitions were timely filed in these cases.

For purposes of the TEFRA provisions section 6231(a)(2) defines a partner as follows:

> (A)  a partner in the partnership, and

> (B)  any other person whose income tax liability under subtitle A is determined in whole or in part by taking into

account directly or indirectly partnership items of the partnership.

Section 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987), provides that a spouse who files a joint return with an individual holding a separate interest in the partnership shall be treated as a partner for purposes of the TEFRA provisions and is permitted to participate in administrative and judicial proceedings.

Section 6226(c)(1) provides that if a partnership action is brought under section 6226(a) or (b) each person who was a partner in such partnership at any time during the year in issue shall be treated as a party to such action. However, section 6226(d)(1)(A) provides, in pertinent part, that section 6226(c) shall not apply to a partner after the day on which the partnership items of such partner for the particular partnership taxable year become nonpartnership items by reason of one of the events described in section 6231(b). Section 6231(b)(1)(D) provides, in part, that for purposes of the TEFRA provisions the partnership items of a partner shall become nonpartnership items as of the date a change occurs under subsection (c) of section 6231.

Section 6231(c) provides that in certain special enforcement areas the Secretary may provide by regulations for the conversion of a partner's partnership items into nonpartnership items. Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 203

(1987); see H. Conf. Rept. 97-760, at 610 (1982), 1982-2 C.B. 600, 667. Pursuant to this grant of authority, the Secretary promulgated the so-called bankruptcy rule, which provides as follows:

> (a) Bankruptcy. The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy. [Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987).]

The effect of the conversion is to remove the debtor-partner from the partnership proceeding and subject the converted items to the deficiency procedures applicable to the partner's individual tax case. Computer Programs Lambda, Ltd. v. Commissioner, supra at 203.

Nature of Mrs. Locke's Interest in the Partnerships

In order to assess the impact of the bankruptcy rule upon Mrs. Locke, we must first ascertain the nature of her interest, if any, in the partnerships. State law determines ownership of property, and Federal income tax liability follows ownership. United States v. Mitchell, 403 U.S. 190, 197 (1971). On these records, other than Mrs. Locke's unsupported assertion on brief that she and Mr. Locke resided in New York during the years in

issue, there is no evidence before us of where the Lockes resided at the time the partnership interests were purchased. Although statements in briefs do not constitute evidence, Rule 143(b); Viehweg v. Commissioner, 90 T.C. 1248, 1255 (1988), respondent has not suggested that another State's law should apply. Therefore, we apply the laws of New York to ascertain the nature of Mrs. Locke's interest, if any, in Mr. Locke's partnership investments.

New York law, unlike that of community property states, does not entitle each spouse to a present vested interest in so-called marital property during marriage.[3] N.Y. Dom. Rel. Law sec. 236(B)(5) (McKinney 1986); Schurm v. Union Natl. Bank, 455 N.Y.S.2d 532, 534 (N.Y. Sup. Ct. 1982). New York thus permits each spouse to hold, control, encumber, or dispose of separate

---

[3] The concept of marital property is reflected in New York's Domestic Relations Law. Under the equitable distribution provisions marital property is broadly defined as "all property acquired by either or both spouses during the marriage * * * regardless of the form in which title is held". N.Y. Dom. Rel. Law sec. 236(B)(1)(c) (McKinney 1986); see O'Brien v. O'Brien, 489 N.E.2d 712, 715 (N.Y. 1985). In contrast, N.Y. Dom. Rel. Law sec. 236(B)(1)(d) (McKinney 1986), provides a narrow enumeration of what constitutes separate property. Because equitable distribution applies only to the distribution of property in divorce and similar matrimonial actions, N.Y. Dom. Rel. Law sec. 236(B)(5), supra, it does not purport to alter New York's common-law rules of property. Schurm v. Union Natl. Bank, 455 N.Y.S.2d 532, 534 (N.Y. Sup. Ct. 1982).

property.  See N.Y. Dom. Rel. Law sec. 50 (McKinney 1988); N.Y.

Gen. Oblig. Law sec. 3-301(1) (McKinney 1989).[4]

In the instant cases, the parties have stipulated that Mr.

Locke purchased the partnership interests in his name, and that

the partnerships issued all Schedules K-1 solely in Mr. Locke's

name.  We conclude that Mrs. Locke had neither a joint interest

in Mr. Locke's partnership investments, nor a separate interest

in the partnerships.

Analysis Under TEFRA

The parties agree that as of the date Mr. Locke filed a

voluntary petition in bankruptcy, all partnership items

attributable to him were converted to nonpartnership items by

conjunctive operation of the bankruptcy rule and section 6231(b)

and (c).  As a result of that conversion, this Court in these

---

[4]      N.Y. Dom. Rel. Law sec. 50 (McKinney 1988), provides
that:  "Property, real or personal, * * * owned by a married
woman * * * shall continue to be her sole and separate property
as if she were unmarried".  N.Y. Gen. Oblig. Law sec. 3-301(1)
(McKinney 1989), provides that:  "A married woman has all the
rights in respect to property, real or personal, and the
acquisition, use, enjoyment and disposition thereof * * * as if
she were unmarried."  These provisions were enacted to abrogate
the common-law rule entitling the husband to all rents and
profits from his wife's real property and absolute rights in his
wife's personal property.  See Practice Commentaries to N.Y. Dom.
Rel. Law sec. 50 (McKinney 1988).  When construed in conjunction
with the equitable distribution statute, these provisions confirm
that property acquired by either spouse during marriage is
separate property unless otherwise determined in a proceeding for
equitable distribution under N.Y. Dom. Rel. Law sec. 236(B)(5)
(McKinney 1986).  Practice Commentaries to N.Y. Dom. Rel. Law
sec. 50, supra.

partnership proceedings does not have jurisdiction with respect to Mr. Locke pursuant to section 6226(d)(1)(A) and (f).

The parties further agree that Mrs. Locke's status as a partner for TEFRA purposes derives solely from the joint income tax returns she filed with Mr. Locke. Sec. 6231(a)(2); sec. 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). It is also undisputed that by the filing of joint returns Mrs. Locke became jointly and severally liable for any taxes due thereon. Sec. 6013(d)(3). The parties diverge, however, on whether the conversion of Mr. Locke's partnership items to nonpartnership items pursuant to the bankruptcy rule has any impact upon our jurisdiction over Mrs. Locke in these proceedings.

Mrs. Locke posits that Mr. Locke's status as a debtor in a bankruptcy proceeding has a twofold effect upon her. First, she contends that any partnership items that could be adjusted in the TEFRA proceeding that would affect her tax liability are converted to nonpartnership items, thereby removing the basis for this Court's subject matter jurisdiction under section 6226(f) with regard to her. Second, she argues that because her tax liability is no longer "determined in whole or in part by taking into account directly or indirectly partnership items of the partnership", she ceases to be a partner within the meaning of section 6231(a)(2)(B), and, consequently, must no longer be

within the personal jurisdiction of this Court under section 6226(c).

Significantly, Mrs. Locke is unable to point to any statute or regulation explicitly divesting this Court of jurisdiction over her as a necessary concomitant to the conversion of Mr. Locke's partnership items under the bankruptcy rule. The bankruptcy rule provides that the "partnership items of such a partner * * * shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy". Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987); (emphasis added). Mrs. Locke does not contend that she ever was in bankruptcy, and thus she is not within literal application of this rule.

Instead, Mrs. Locke makes an interpretative argument based upon section 6226(d)(1)(A). That section provides that this Court loses personal jurisdiction over a partner after the day on which "the partnership items of such partner * * * became nonpartnership items" by reason of certain events, including the naming of the partner as a debtor in bankruptcy. (Emphasis added.) To bring herself within the ambit of section 6226(d)(1)(A), Mrs. Locke argues that the quoted language should be interpreted to mean "the partnership items related to such partner".

We disagree with Mrs. Locke's construction of the statute. The language in section 6226(d)(1)(A) parallels that of the bankruptcy rule. Both are specific in targeting only the debtor and in converting only the partnership items of the debtor. Moreover, Mrs. Locke's expansive reading of section 6226(d)(1)(A) is contrary to the fundamental principle of statutory construction that where a statute is clear on its face, unequivocal evidence of legislative purpose is required to override the plain meaning of the words used. Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984). As Mrs. Locke has proffered no such evidence, we decline to adopt the broad interpretation urged upon us.

Respondent argues that the resolution of this issue is controlled by this Court's decision in Dubin v. Commissioner, 99 T.C. 325 (1992). In Dubin this Court addressed the impact of the bankruptcy rule upon a taxpayer who held a joint interest in a partnership with her husband and with whom she had filed a joint return. The taxpayer's husband was named as a debtor in a bankruptcy proceeding prior to the issuance of a single notice of deficiency that disallowed certain partnership losses and credits. The taxpayer filed a motion to dismiss for lack of jurisdiction on the ground that respondent's notice of deficiency was invalid for failure to comply with the TEFRA procedures. We noted that section 6231(a)(12) provides a general rule, subject

to regulatory exception, that spouses with a joint interest in a partnership are treated as one person (or partner).  We reasoned that section 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), supersedes that rule by providing that, with certain narrow exceptions, spouses holding a joint interest are to be treated as two distinct partners.[5]  We concluded our analysis as follows:

> Because the focus in the bankruptcy rule is limited to the partner's status as a debtor in bankruptcy, we are compelled here to look only to petitioner's status, since she is the only partner before us, and, although she is a partner, she is not in bankruptcy.  Accordingly, we find the bankruptcy rule to be inapplicable.  [Dubin v. Commissioner, supra at 334.]

Because the taxpayer was unaffected by the conversion of her husband's partnership items we held the notice of deficiency issued to the taxpayer to be invalid.

We recognize that Dubin v. Commissioner, supra, involved a joint partnership interest arising under community property law, thereby implicating different statutory and regulatory provisions than those here at issue.  However, we see no meaningful distinction between the provisions applicable to a spouse whose partner status derives from community property principles (viz, a

---

[5]  Our decision in Dubin v. Commissioner, 99 T.C. 325, 333-334 (1992), reflected our interpretation that, for purposes of the bankruptcy rule, the term "person" as used in sec. 6231(a)(12) is synonymous with the term "partner" in sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987).

joint partnership interest) and a spouse who is deemed a partner because a joint return was filed.[6]  Cf. <u>Estate of Callaway v. Commissioner</u>, T.C. Memo. 1998-99.

In addition, we note that the policy behind the bankruptcy rule is inapplicable to Mrs. Locke's situation.  The purpose for the bankruptcy rule is to prevent the automatic stay of 11 U.S.C. section 362(a)(8) (1988), from impeding the TEFRA proceeding. See <u>Computer Programs Lambda, Ltd. v. Commissioner</u>, 89 T.C. at 203.  Title 11 U.S.C. section 362(a)(8) (1988), generally provides that the filing of a bankruptcy petition operates as a stay of the commencement or continuation of a proceeding before the Tax Court concerning the debtor.  See <u>Kieu v. Commissioner</u>, 105 T.C. 387, 391 (1995).  Since other partners are unaffected by the resolution of a debtor-partner's bankruptcy proceeding, the TEFRA proceeding should not be delayed pending the outcome of a single partner's bankruptcy proceeding.  Mrs. Locke is not a debtor in a bankruptcy proceeding.  Consequently, there is no concern about an automatic stay, and thus no reason to convert

---

[6]    Indeed, the relevant regulatory provisions utilize similar language in their treatment of a partner with a direct interest (e.g., through community property) and an indirect interest (through filing of a joint return).  Compare sec. 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., <u>supra</u> ("Thus, both spouses are permitted to participate in administrative and judicial proceedings."), with sec. 301.6231(a)(2)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987) ("Thus, the spouse who files a joint return with a partner will be permitted to participate in administrative and judicial proceedings.").

her partnership items to nonpartnership items and remove her from these proceedings.

In sum, Mrs. Locke may not harness the bankruptcy rule as an expedient to ride Mr. Locke's coattails out of these TEFRA proceedings. We hold that Mrs. Locke's partnership items did not convert to nonpartnership items at the time that Mr. Locke's partnership items converted to nonpartnership items pursuant to the bankruptcy rule, and, therefore, she remains a party subject to this Court's jurisdiction.

Allocation of Partnership Items

By amended petitions the Lockes request that this Court determine the proper allocation of partnership items between them.[7] Mrs. Locke maintains that, even if she remains a party to these proceedings, her joint and several liability neither endows her with a separate ownership interest in Mr. Locke's partnership investments nor creates partnership items allocable to her. Thus, she requests that we allocate 100 percent of the partnership investments to Mr. Locke and zero percent to her.

Nothing in either the bankruptcy rule or the statute allows such an allocation of partnership items between spouses.

---

[7] Sec. 6226(f) vests this Court with subject matter jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the FPAA relates and the proper allocation of such items among the partners.

We have considered all the other arguments made by the parties and, to the extent not discussed above, find them to be irrelevant or without merit.[8]

To reflect the foregoing,

> An appropriate order will be issued denying the motion to dismiss for lack of jurisdiction as to Karin M. Locke and granting the motion to dismiss for lack of jurisdiction as to Edwin A. Locke, Jr.

---

[8] Also without merit is Mrs. Locke's argument that a failure to allocate 100 percent of the partnership interests to Mr. Locke could potentially result in double taxation. Respondent is entitled to have any tax liability arising from Mr. Locke's investments in the partnerships satisfied only once. See Dolan v. Commissioner, 44 T.C. 420, 430 (1965). Full payment of a joint and several obligation by one obligor extinguishes the liability of all obligors. Kroh v. Commissioner, 98 T.C. 383, 397 (1992); Dolan v. Commissioner, supra at 430.